# In the United States Court of Federal Claims

No. 10-647C
Filed: August 20, 2012



|  |  |
|---|---|
| * * * * * * * * | |
| COLONIAL CHEVROLET CO., INC., et al., * | Motion for Interlocutory Appeal, 28 U.S.C. § 1292(d)(2); Ad Hoc Review; Unique Taking Theory; Consolidation, RCFC 42(a) |
| Plaintiffs, * | |
| v. * | |
| THE UNITED STATES OF AMERICA, * | |
| Defendant. * | |
| * * * * * * * * | |

*Richard D. Faulkner*, Blume & Faulkner, PLLC, Richardson, TX, for plaintiffs.

*Kenneth Michael Dintzer*, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## ORDER

Defendant's motions for interlocutory appeal and to consolidate the related case *Alley's of Kingsport*, No. 11-100 with this one, are before the court for consideration. We grant-in-part defendant's motion for interlocutory review, and defer ruling on the motion to consolidate, for the reasons described below.

## INTERLOCUTORY REVIEW

Defendant's motion seeks certification of two issues for expedited appeal: whether plaintiffs failed to state a claim where the legal theory they propose has no precedent in this Circuit's takings jurisprudence, but where their arguments and factual allegations have "the prima facie feel of a takings case"; and whether findings by a bankruptcy court in a separate action involving the same parties, can have a preclusive effect on this court's taking jurisdiction.[1] *See Colonial Chevrolet Co.,*

---

[1]For example, a bankruptcy court must make findings that outside entities did not "control" the bankrupt before that court can invalidate or rescind executory contracts between the bankrupt and third parties. In this case, the bankruptcy court ruled that the Government did not control Chrysler or General Motors so as to prevent the court from rescinding contracts with their dealers, which are plaintiffs in this court.

*Inc. v. United States*, 103 Fed. Cl. 570, 573-74 (2012).

A court may certify its ruling for interlocutory appeal if "a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and . . . an immediate appeal from that order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(d)(2). We discuss questions raised by the Government as Issue I and Issue II, below.

## ISSUE I

Whether plaintiffs must plead a known, specific takings theory to survive a dispositive motion on the pleadings, and whether plaintiffs' theories as stated in the Complaint are appropriate for analysis of their claim, are controlling questions of law. If the Court of Appeals for the Federal Circuit rules that plaintiffs' claims must fit into an existing, precedential takings theory, and that plaintiffs have not pled such a theory thus far, then plaintiffs will have failed to state a claim. The Federal Circuit will direct that their Complaint be dismissed. The Appeals Court may find that Supreme Court rulings emphasizing the lack of formulaic analyses in takings cases, and urging trial courts to perform ad hoc inquiries in every takings case, mean that a takings theory that is reasonable on its face should not be rejected at the pleadings stage. In that event, plaintiffs' claims will proceed to discovery. The Federal Circuit ruling may decide whether this case ends here or goes forward, making the issue a controlling question of law.

Substantial grounds for differences of opinion exist regarding threshold requirements of a taking case, especially at the pleading stage. Defendant argued persuasively that plaintiffs' taking theory was not plausible because it did not fit neatly into an existing legal framework. Plaintiffs cited in response various takings theories that may turn out to be useful in the court's analysis of their claims. The Opinion in plaintiffs' favor contained several expressions of concern regarding their theory of the case, and a suggestion that we would consider carefully a motion for interlocutory appeal, given wide differences of opinion in this area of the law.

Interlocutory review will promote "material advancement of the ultimate termination of this litigation." This case has the potential to become quite broad in scope. According to defendant, more than 1900 automobile dealers could become additional plaintiffs. We are told that the parties might wish to depose many high-level government officials in discovery. Should the Appeals Court agree with the Government that initial plaintiffs have not presented sufficient legal arguments to support their unique takings theory, an appellate decision on point could preempt broad discovery by large numbers of plaintiffs. Defendant's motion to certify this question for interlocutory appeal is GRANTED.

## ISSUE II

Plaintiffs' Complaint alleges that defendant's conduct vis-a-vis Chrysler and GM facilitated the repudiation of plaintiffs' franchise agreements with the automakers. For the bankruptcy court to

approve the rescission of the franchises, it first had to make a finding that the Government did not "control" Chrysler and General Motors. According to defendant, that ruling has a preclusive effect on this court. That is, the bankruptcy court's procedural determination that allowed the automakers to terminate many of their dealerships, estops this court from making findings in this taking case that may conflict with that ruling in bankruptcy court. The Government's control of the restructuring of the auto industry is an essential piece of plaintiffs' takings theory, defendant argues; if we cannot make findings that the Government did exercise control over the automobile industry, plaintiffs cannot hope to prevail.

Whether the bankruptcy court's legal or factual findings are binding on this court in this action is not a controlling question of law. Plaintiffs may be able to prove a taking of their contract rights or other property even if the Government did not control the automakers' bankruptcy proceedings within the meaning attributed to the term by the bankruptcy court. For example, plaintiffs may be able to show that the loss of their businesses was the "direct, natural, and probable result" of the Government's actions vis-a-vis Chrysler and GM. *Cary v. United States*, 552 F.3d 1373, 1379 (Fed. Cir. 2009). If so, that might be sufficient for this court to determine that the Government took their property without just compensation.

The legal issue of whether a bankruptcy court's findings preliminary to declaring that a bankrupt's contracts may be rescinded is not a controlling question of law as applied to this case. It is therefore inappropriate for interlocutory review. The Government's motion to certify this question for interlocutory review is DENIED.

## CONSOLIDATION

Defendant filed a motion to consolidate this case with the related case *Alley's of Kingsport*. The court has discretion to consolidate pursuant to the rules of this court, which provide, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." RCFC 42(a). We must consider whether "the interest of judicial economy" outweighs "the potential for delay, confusion and prejudice that may result from consolidation." *Lucent Techs, Inc. v. United States*, 69 Fed. Cl. 512, 513 (2006) (quoting *Cienega Gardens v. United States*, 62 Fed. Cl. 28, 32 (2004)).

The Government argues that the cases are appropriate for consolidation because they involve many common questions of law and fact, and they contain the same basic allegations regarding the Government's taking of contract rights in the form of automotive dealerships. Consolidation would conserve judicial resources and avoid duplication of effort and unnecessary costs and burdens, the Government contends. Defendant points to considerations of efficiency and the potential for burdensome discovery.

Plaintiffs oppose consolidation on several grounds. The *Colonial* case includes former GM and Chrysler dealers, while *Alley's of Kingsport* is only Chrysler dealers. Each set of plaintiffs have

alleged different legal theories; for example, the *Colonial* plaintiffs argued that a taking might have occurred by way of "regulation by deal." The *Colonial* plaintiffs are alone in seeking certification of their case as a class action. Plaintiffs see no compelling reason for consolidation at this stage of proceedings; they suggest that a case management order could address defendant's concerns regarding cumbersome discovery. For example, discovery responses provided in *Alley's* should be furnished to counsel in *Colonial*, and depositions could be conducted jointly.

We are certifying issues for interlocutory appeal in both *Colonial* and *Alley's* as separate cases. It seems appropriate to defer ruling on defendant's motion to consolidate until after the Court of Appeals for the Federal Circuit provides guidance on these key legal questions, or declines to address them.

## CONCLUSION

Defendant's request that we certify the court's February 27 ruling denying its motion to dismiss for failure to state a claim, is GRANTED with respect to plaintiffs' takings theory. Defendant also seeks interlocutory review of this court's conclusion that a bankruptcy court's procedural findings do not necessarily preclude the Court of Federal Claims from considering similar issues in a takings context. That issue does not present a controlling question of law in the circumstances presented, so defendant's motion as to issue preclusion must be DENIED. Defendant's motion to consolidate related cases in this court for the sake of judicial economy is DEFERRED pending rulings from the Federal Circuit on considering interlocutory appeal from this court.

s/Robert H. Hodges, Jr.
Robert H. Hodges, Jr.
Judge