No. 10-647C
(Senior Judge Nancy B. Firestone)

_____

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

_____

COLONIAL CHEVROLET CO., INC. *et al.,*

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

_____

PLAINTIFFS' ANALYSIS OF DECISION IN *HORNE V. DEP'T OF AGRIC.*,
192 L.Ed.2d 388 (U.S. 2015)

_____

Richard D. Faulkner
Blume, Faulkner & Skeen, PLLC
111 W. Spring Valley Rd., Suite 250
Richardson, Texas 75081
P: (214) 373-7788

Harry Zanville
500 West Harbor Dr., Suite 1201
San Diego, California 92101
P: (619) 269-9227

Steven J. Eagle
3301 Fairfax Drive
Arlington, Virginia 22201
P: (703) 993-8054

Attorneys for Plaintiffs

Date: <u>July 20, 2015</u>

This brief analysis applies *Horne v. Dep't of Agric.*, 192 L.Ed.2d 388 (U.S. 2015) to relevant points of Plaintiffs' ("Dealers") brief in opposition to the pending Government Motion to Dismiss (Doc. 104 "MTD").

I.      **Plaintiffs Properly Pled An Appropriation Claim (Doc. 109, § IV, p. 22)**

*Horne* squarely establishes that a "direct expropriation" of personal property by the government is a taking, regardless of the application of factors in *Penn Central Transp. Co. v. New York City, 438 U. S. 104* (1978). This speaks directly to four propositions at the core of this cause of action.

First, the Government appropriated and outright expropriated the Dealers' property rights by completely arrogating and claiming for itself—via the manufacturers'—the substance of the Dealers' franchise agreements. *Horne* articulates the same "outright expropriation" rule identified in the Dealers' cause of action. The Supreme Court in *Horne* applied the facts to the law and found the reserve requirement imposed by the Raisin Committee was a physical taking because (a) the Government required title to raisins to be transferred from growers and passed to a Raisin Committee created by a Department of Agriculture marketing order and that (b) the Raisin Committee disposed of those raisins as it wished to promote the Government's raisin marketing plan. The Supreme Court found the legal consequence to be that "Raisin growers…lose the entire 'bundle' of property rights in the appropriated raisins—'the rights to possess, use and dispose of' them" and that "The Government's 'actual taking of possession and control' of the reserve raisins gives rise to a taking as clearly 'as if the Government held full title and ownership,' **as it essentially does**." *Id*. at 8-9. (emphasis added)

Here, the Government compelled entities it controlled (GM and Chrysler) to transfer the Dealerships' exclusive territorial rights for redistribution by those controlled parties for the

benefit of the Government Program.  Plaintiffs were deprived of "the rights to possess, use, and dispose of" their property.  Using the term "as it essentially does", the Supreme Court held that "actual taking of possession and control" to be synonymous with "when the Government takes the <u>equivalent</u> of full title and ownership through its actions." (emphasis added).

Second, the Dealers alleged that had the Government chosen to accomplish its <u>ends</u> of reducing the density of dealerships using <u>means</u> consistent with the Constitution, it needed only exercise its eminent domain power to transfer the dealers' property rights to itself or others. Instead, it embarked on a strategy to evade paying for those rights. it was extracting from the Dealers.[1] *Horne* held that the Government will have *per se* liability for such outright expropriations even if "[a] physical taking of raisins and a regulatory limit on production may have the same economic impact on a grower" because "[t]here is a settled difference in takings jurisprudence between appropriation and regulation".  *Horne* hammered home the linchpin that "[t]he Constitution … is concerned with means as well as ends." Quoting precedent, it emphasized that the means the Government uses to achieve its ends must be consistent with the letter and spirit of the Constitution and that a desire to improve the public condition is not enough to warrant achieving the desire by a shorter cut than the Constitution allows.

Third, the outright expropriation of valuable property rights here was functionally indistinguishable from the direct exercise of eminent domain, thus necessitating this inverse condemnation action. Citing *Lucas*, the Dealers informed this Court "[i]t is settled law that the 'functional equivalent of a practical ouster of [the owner's] possession' is a taking and direct governmental appropriation of private property for Takings Clause purposes." *Lucas* at 1014;

---

[1] *Horne* warned "property rights cannot be so easily manipulated." *Id. at 10.*

Doc. 109, § IV(B), p. 28  *Horne* reaffirms this statement as accurate and squarely establishes this as a basis for takings liability.

Fourth, the Dealers' established that what occurred here was a *per se* Taking, and, as a matter of law, they need not satisfy otherwise applicable requirements of *Lucas* or *Penn Central*.[2] In *Horne*, the Supreme Court reemphasized its "rule that a physical *appropriation* of property gave rise to a *per se* taking, without regard to other factors. That was true without regard to the claimed public benefit or the economic impact on the owner." *Id*. at 8. It explained that "*Lucas* was about regulatory takings, not direct appropriations. Whatever *Lucas* had to say about reasonable expectations with regard to regulations, people still do not expect their property, real or personal, to be actually occupied or taken away." *Id*.

## II.     Colonial's Regulatory Takings Claim Is Sufficiently Pled (Doc. 109, § V, p. 27)

*Horne* does not directly address this issue.

## III.     Colonial's Lucas Claim Is Sufficiently Pled (Doc 109, § VI, p. 36)

*Horne* rejected the Government defense that it is free from Takings Clause liability for categorically taking personal property.  Answering the question of "[w]hether the government's 'categorical duty' under the Fifth Amendment to pay just compensation when it physically takes possession of an interest in property applies only to real property and not to personal property," the Supreme Court held "[t]he answer is no".  As an illustration, it held "[t]he Government has a

---

[2] *Horne* demonstrates the accuracy of Dealers' citation of law in Doc 109, *fn.* 21:
   ✓ Outright governmental expropriations of intangible property need not trigger *Lucas* or *Penn Central* frameworks,
   ✓ The Fifth Amendment provides a basis for drawing a distinction between physical takings and regulatory takings,
   ✓ Physical takings cases are not limited to tangible property,
   ✓ The "*per se*' rule applies when taking involves physical ouster of owner's exclusive possession.

categorical duty to pay just compensation when it takes your car, just as when it takes your home."[3]

Without citing authority, the Government argued it is not liable for taking intangible personal property even if the Takings Clause imposes liability for appropriation of tangible personal property. But *Horne* held that the Takings Clause "'protects "private property"'" without any distinction between different types" -- nothing suggests that personal property is any less protected against physical appropriation than real property. Although this narrow issue was not directly before it,[4] *Horne* highlighted *James* v. *Campbell*, 104 U. S. 356 (1882), as a proper application of the Takings Clause. *Id.* at 6. *Horne* could not have cited *James,* an alleged Government appropriation of a patent [intangible personal property], without endorsing the legal conclusion that the Takings Clause applies to personal property regardless of its tangible or intangible nature.

## IV.     *Horne* **Briefly Discussed Economic 'But For' In The Context Of Damages**[5]

In *Horne*, the Supreme Court rejected the Government contention that damage calculations must consider the value of raisins 'but for' the benefits of its regulatory price support program finding "[t]he Government cites no support for its hypothetical-based approach." Horne saw no need to remand for damages, instead simply accepting the value of the property as the compensation due, regardless of any offsetting benefits from the overall program. *Horne's* discussion merits this Court's later consideration of the Federal Circuit's peculiar mixture of economic 'but for' analysis which appears to contrast with *Horne*.

---

[3] If it must pay when it takes a car, the Government surely must pay when taking a car dealership

[4] The Government chose not to raise this issue in its *Horne* brief or oral argument though it raised other issues of concern attempting to limit the breadth of a decision.

[5] Permitted page limitations does not permit a full discussion on these issues here.

**Conclusion**

*Horne* strongly supports Plaintiffs' legal position. It concludes with an observation about delayed justice that is germane here: "This case, in litigation for more than a decade, has gone on long enough."   The MTD should be denied and this case be scheduled for expedited progression.[6]

Date: July 20, 2015

Respectfully submitted,


/s/ Harry W. Zanville
Harry W. Zanville
500 West Harbor Drive, Suite 1201
San Diego, California 92101
P: (214) 269-9227

BLUME, FAULKNER & SKEEN, PLLC.
Richard D. Faulkner
rfaulkner@bfslawgroup.com
111 W. Spring Valley Rd., Suite 250
Richardson, Texas 75081
P: (214) 373-7788
F: (214) 373-7783

STEVEN J. EAGLE
3301 Fairfax Drive
Arlington, Virginia 22201
P: (703) 993-8054

---

[6] In light of *Horne* and repeated repudiation of the Government's defenses, Plaintiffs encourage scheduling of mediation to resolve this case without forcing them to endure additional years of litigation to vindicate their rights.

## **CERTIFICATE OF FILING**

I hereby certify that on July 20, 2015, a copy of PLAINTIFFS' ANALYSIS OF DECISION IN *HORNE V. DEP'T OF AGRIC.*, 192 L.Ed.2d 388 (U.S. 2015) was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Richard D. Faulkner

_____

Richard D. Faulkner